UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 10-48-GWU


D. J. HOLLINS,                                                   PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

D.J. Hollins brought this action to obtain judicial review of an unfavorable

administrative decision on his applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the court on cross-motions for

summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine
      whether the claimant's severe impairment(s) or combination of

1

impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting

most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hollins, a 50-year-old former truck driver with a "limited" education, suffered from impairments related to a history of coronary artery disease (being status post acute ST elevation myocardial infarction with stent placement), degenerative disc disease of the lumbar spine (being status post L1 compression fracture with disc space narrowing and osteophyte formation at L4-L5 and L5-S1), and obesity.  (Tr. 18, 22-23).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 20, 22).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 23-24).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security benefits.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to vocational expert Martha Goss included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to more than frequently push and pull with the lower extremities; (2) an inability to more than occasionally climb stairs or ramps, stoop, kneel and crouch; (3) an inability to ever crawl and climb ladders or ropes; (4) a need to avoid concentrated exposure to extreme cold or humidity and full body vibration; and (5) a need to avoid exposure to hazards such as heights and dangerous machinery.  (Tr. 57-58).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 58). The ALJ relied upon this information to support the administrative decision.  (Tr. 23).

Far more severe functional restrictions were identified by Dr. James Chaney, a treating source, on a Physical Capacities Evaluation Form dated June 27, 2008. (Tr. 236, 832).  Among the limitations reported by Dr. Chaney were a restriction to sedentary level work, with an inability to sit for more than a total of three hours a day, stand for more than a total of two hours a day and walk for more than a total of two hours a day, and an inability to ever use the hands for pushing or pulling.  (Tr. 236, 832).  Hollins argues that the ALJ erred in failing to give this opinion controlling weight.

The ALJ rejected the restrictions of Dr. Chaney because he felt that the physician's opinion was not well-supported by objective medical data and was inconsistent with his own treatment notes.  (Tr. 22).  However, at least some

objective medical data supports the physician.  The claimant suffers from coronary artery disease requiring stenting as well as back problems relating to an L1 chronic compression fracture with multilevel degenerative disc changes in the lower lumbar spine.  (Tr. 311, 361, 744).  Thus, while not fully binding, the ALJ was also not free to ignore the opinion of the only treating or examining source of record to identify specific functional restrictions.

The defendant asserts that Dr. Chaney's opinion was offset by that of the plaintiff's treating cardiologist at Lake Cumberland Regional Hospital who only restricted him from heavy lifting and driving for two weeks in February of 2007.  (Tr. 706).  However, the court notes that this document was signed not by Dr. Khaled Saleh, the attending physician, but by Kim Husk, a registered nurse.  (Id.).  Under the administrative regulations, a registered nurse is not an "acceptable medical source" whose opinion would be binding on the administration.  20 C.F.R. § 404.1513.  Therefore, this opinion would not offset that of Dr. Chaney.

Dr. Timothy Gregg and Dr. Parandhamulu Saranga each reviewed the record in June of 2007 and August of 2007 and completed Residual Functional Capacity Assessment Forms.  Each reviewer opined that Hollins would be limited to light level work restricted from a full range by an inability to more than occasionally stoop, kneel, crouch and crawl as well as a need to avoid exposure to vibrations.[1]  (Tr.

---

[1]Dr. Saranga also included a restriction concerning concentrated exposure to temperature extremes.  (Tr. 716).

496-503, 712-719).  The hypothetical factors were essentially consistent with these opinions and the ALJ indicated relying upon them in assessing the plaintiff's residual functional capacity.  (Tr. 22).  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  When the examiner is also a treating source, Social Security Ruling 96-6p indicates that the non-examiner should have reviewed a complete record which contained the report of a specialist in the claimant's particular impairment containing more detailed and comprehensive information than that available to the treating source.  In the present action, neither reviewer had the opportunity to see and comment upon Dr. Chaney's June, 2008 assessment because it was completed well after their June, 2007 and August, 2007 reviews of the record.  In addition, the record contains a number of exhibits relating to medical treatment after the August, 2007 date of the most recent review which were obviously not seen by the reviewers.  (Tr. 720-829). Thus, neither reviewer saw a complete record.  Therefore, the ALJ could not rely upon the opinions of the reviewers to offset the opinion of the treating source and a remand of the action for further consideration is required.

Hollins also asserts that the ALJ did not fairly consider the combination of his impairments.  The court has found that the hypothetical question relied upon by the ALJ did not fairly characterize his condition.  Therefore, his impairments were not fairly considered in combination.

Finally, Hollins argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the durational requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff v. Commissioner of Social Security</u>, 172 F.3d 690 (9th Cir. 1999). However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ even acknowledged this fact.  <u>Gatliff</u>, 172 F.3d at 692.  In the present action, the Hollins has not identified similar evidence suggesting that he would not be able to maintain employment.  Therefore, the court must reject this argument of the plaintiff.

After review of the evidence presented, the undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 24th day of January, 2011.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

11